**Francisco Rolando AREVALO–CHANAX, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–71697.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jenny Tsai, Esquire, Green & Tsai, San Francisco, CA, for Petitioner.

Regan Hildebrand, Mary Jane Candaux, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Francisco Rolando Arevalo–Chanax, a native and citizen of Guatemala, petitions for review the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir.2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir.2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny in part and dismiss in part the petition for review.

■] We lack jurisdiction to consider petitioner's claim that he is a member of a particular social group of young men in Guatemala who are persecuted for refusing to join gangs because he failed to raise

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the issue in his brief to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

█ Substantial evidence supports the agency's finding that petitioner's mistreatment by the gang did not occur on account of a protected ground. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1095 (9th Cir. 2002) (no compelling evidence the applicant was an intended victim of the violence directed at his father); *Sangha v. INS,* 103 F.3d 1482, 1488–89 (9th Cir.1997) (failed to establish persecution on account of political opinion or political neutrality); *see also Parussimova v. Mukasey,* 555 F.3d 734, 740 (9th Cir.2009) (a protected ground must be at least one central reason for persecuting the applicant). Because petitioner failed to demonstrate he was persecuted on account of a protected ground, we deny the petition as to his asylum and withholding of removal claims. *See Barrios v. Holder,* 581 F.3d 849, 856 (9th Cir.2009).

█ Substantial evidence also supports the agency's denial of CAT relief because petitioner failed to establish a likelihood of torture in Guatemala. *See Wakkary v. Holder,* 558 F.3d 1049, 1067–68 (9th Cir. 2009).

Because we conclude the agency's denial of petitioner's claim on the merits is supported, we need not address petitioner's contention that the BIA erred in failing to address the IJ's independent adverse credibility determination.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.